UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOA TU LY, §<br>　　　Plaintiff, §<br>　　　　　　　　　　　　§<br>v.　　　　　　　　　　　§<br>　　　　　　　　　　　　§<br>CARMAX AUTO SUPERSTORES, INC. §<br>and WARREN MOODY. §<br>　　　Defendants. § | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendant, CARMAX AUTO SUPERSTORES, INC. ("CarMax"), hereby removes the state court action described below to this Court pursuant to 28 USC §§ 1332 and 1441, *et seq.*

## BACKGROUND

1. On August 18, 2010, Plaintiff, HOA TU LY ("Plaintiff"), filed suit in the 295th Judicial District Court of Harris County, Texas, entitled *"Hoa Tu Ly v. CarMax Auto Superstores, Inc. and Warren Moody"*, bearing Cause No. 2010-51729, ("the state court action"), against CarMax and Warren Moody ("Moody").

2. Moody was served on September 1, 2010. CarMax was served on September 2, 2010. CarMax and Moody filed their answer on September 27, 2010.

3. In her *Plaintiff's Original Petition to Include Requests for Disclosure* (the "Petition"), which remains her live pleading in this case, Plaintiff asserted a single claim under the Texas Deceptive Trade Practices – Consumer Protection Act (DTPA) against CarMax and Moody, jointly. The Petition alleges that CarMax and Moody, as its manager, sold her a used automobile and committed a series of misrepresentations concerning the condition of the used car that Plaintiff purchased, though Moody is never referred to by name in the context of any of the allegedly actionable conduct.

4.  On October 4, 2010, Plaintiff served *Plaintiff's Responses to Defendant's Request for Disclosures*, in which she asserted that the amount of her claimed economic damages was $18,358.00.[1]

5.  On December 15, 2010, Plaintiff served *Plaintiff's First Supplemental Responses to Defendant's Requests for Disclosure*, in which she asserted that the amount of her claimed economic damages was $35,648.00.[2] On January 10, 2011, Plaintiff served *Plaintiff's Second Supplemental Responses to Defendant's Requests for Disclosure*, which includes the same figure for her economic damages.[3]

6.  On February 18, 2011, Plaintiff served *Plaintiff's Objections and Answers to Defendants' First Set of Interrogatories to Plaintiff*. In response to an interrogatory requesting the name(s) of any representatives of CarMax with whom Plaintiff communicated, Plaintiff, under oath, listed "Ralph Bonsu", but did not list Warren Moody.[4] In fact, the only time Plaintiff ever mentions Warren Moody throughout this proceeding is her broad allegation of the conduct of the "defendants" in her pleading. When asked to specify that conduct during discovery, however, it is obvious that Warren Moody is not accused of misrepresenting or miscommunicating anything to Plaintiff.

7.  This Notice of Removal is timely under 28 U.S.C. §1446(b), as this matter has been removed less than thirty (30) days after the first date that Defendant knew or should have known of facts making this suit removable. Because of Plaintiff's use of the plural term,

---

[1] See *Plaintiff's Responses to Defendant's Request for Disclosures*, a true and correct copy of which is attached as Exhibit E.
[2] See *Plaintiff's First Supplemental Responses to Defendant's Request for Disclosures*, a true and correct copy of which is attached as Exhibit F.
[3] See *Plaintiff's Second Supplemental Responses to Defendant's Request for Disclosures*, a true and correct copy of which is attached as Exhibit G.
[4] See *Plaintiff's Objections and Answers to Defendants' First Set of Interrogatories to Plaintiff*, a true and correct copy of which is attached as Exhibit H.

"Defendants" in her Petition to describe the actors and actions complained of, CarMax was forced to conduct discovery before it could reasonably determine that Plaintiff had no specific allegation of misconduct against Moody himself. Consequently, CarMax was not on notice of these facts until February 18, 2011, when Plaintiff served her answers to interrogatories, and the clock for removal did not begin to run until then.

## BASIS FOR REMOVAL– DIVERSITY JURISDICTION

8.  The state court action, of which the United States District Court has original jurisdiction under 28 U.S.C. § 1332, is one which may be removed to this Court by CarMax, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

### There Is Complete Diversity Of Citizenship.

9.  The District Courts of the United States have original jurisdiction over this action based on diversity of citizenship between the parties. Defendants are now, and were at the time this action was commenced, diverse in citizenship from the Plaintiff. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of Texas. Plaintiff is a resident of Houston, Harris County, Texas. *See* Plaintiff's Original Petition at Section II, Parties, on page 1.

10. CarMax is a corporation organized under the laws of the State of Virginia, with its principal offices in the State of Virginia. CarMax is not and has never been a citizen of the State of Texas nor was it organized in the State of Texas.

11. Moody is a "sham" defendant, improperly joined solely for the purpose of defeating diversity. Though Moody is identified at the beginning of the Petition as CarMax's "manager", his name does not appear again, as all subsequent allegations merely make reference to "Defendants", without attributing any specific act(s) or omission(s) to Moody, individually.

As embraced by the Fifth Circuit in *Badon v. RJR Nabisco, Inc.*[5], however, this use of the plural term must be read in context to determine whether a claim is actually stated against all of the Defendants in this action.[6] In the present context, Plaintiff's use of the plural term must be assessed in light of her subsequent testimony that Bonsu, <u>not</u> Moody, was the person with whom she communicated.[7] Read together, it is clear that Plaintiff never intended to actually seek relief against Moody, but rather intended to use him solely to defeat diversity.

14. As a result, Moody's joinder is improper and has no effect upon diversity. Consequently, there is a complete diversity of citizenship between Plaintiff and Defendants as a matter of law.

### The Amount In Controversy Exceeds $75,000.00.

15. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. According to the Petition, Plaintiff seeks treble damages under the DTPA. *See* Plaintiff's Original Petition, at Section VII, Damages, on page 3. Per her responses to CarMax's request for disclosures, Plaintiff's alleged economic damages are $35,648.00, in addition to which she seeks recovery of non-economic damages for mental anguish. Accordingly, the amount in controversy is at least $106,944.00.

### <u>VENUE</u>

16. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the location of the state court in which the removed action has been pending.

---

[5] 224 F.3d 382 (5th Cir. 2000).
[6] *Badon*, 224 F.3d at 393.
[7] See <u>Exhibit H</u>.

## DOCUMENTS INCLUDED IN NOTICE OF REMOVAL

17. As required by 28 U.S.C. § 1446(a), the following documents are attached and filed herewith:

**Exhibit "A"**: INDEX OF MATTERS BEING FILED;

**Exhibit "B"**: STATE COURT'S FILES including a true and correct copy of all process, court docket sheet, pleadings asserting causes of action, answers and any orders signed by the state court judge:

| | | |
|---|---|---|
| B-1: | Docket Sheet | |
| B-2: | Plaintiff's Original Petition to Include Request For Disclosure | 08/18/10 |
| B-3: | Civil Process Request | 08/18/10 |
| B-4: | Civil Case Information Sheet | 08/18/10 |
| B-5: | Civil Process Pick-Up Form | 08/23/10 |
| B-6: | Citation Corporate | 09/09/10 |
| B-7: | Citation | 09/10/10 |
| B-8: | Defendants' Original Answer and Request for Disclosure | 09/27/10 |
| B-9: | Plaintiff's Motion to Compel Mediation | 10/15/10 |
| B-10: | Agreed Order to Mediate | 11/09/10 |
| B-11: | Notice of Intention to Take Deposition by Written Questions | 11/16/10 |
| B-12: | Notice of Delivery | 12/08/10 |
| B-13: | Jury Demand | 12/15/10 |
| B-14: | Plaintiff's Designation of Experts | 12/15/10 |
| B-15: | Certificate of Written Discovery | 12/16/10 |
| B-16: | Letter from Mediator | 12/21/10 |
| B-17: | Notice of Intention to Take Deposition by Written Questions | 01/10/11 |
| B-18: | Certificate of Written Discovery | 01/11/11 |

| | | |
|---|---|---|
| B-19: | Plaintiff's Motion to Compel | 01/13/11 |
| B-20: | Certificate of Written Discovery | 01/13/11 |
| B-21: | Certificate of Written Discovery | 01/18/11 |
| B-22: | Plaintiff's Designation of Expert Witnesses (Sic.) | 02/01/11 |
| B-23: | Notice of Intention to Take Deposition by Written Questions | 02/16/11 |
| B-24: | Defendants' Traditional Motion for Summary Judgment | 02/17/11 |
| B-25: | Defendant's Response to Plaintiff's Motion to Compel | 02/17/11 |
| B-26: | Plaintiff's Motion to Quash Depositions of Hoa Tu Ly and Subhi "Ali" Abuhamra | 02/18/11 |

**Exhibit "C"**: LIST OF COUNSEL OF RECORD, including addresses, telephone numbers and parties represented;

**Exhibit "D"**: CERTIFICATE OF INTERESTED PARTIES.

**Exhibit "E"**: PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES

**Exhibit "F"**: PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUESTS FOR DISCLOSURE

**Exhibit "G"**: PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUESTS FOR DISCLOSURE

**Exhibit "H"**: PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

## CONCLUSION

13. CarMax properly and timely filed this notice of removal based on diversity. Removal is proper because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. CarMax will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

WHEREFORE, Defendant, CARMAX AUTO SUPERSTORES, INC., prays that this cause proceed in this Court as a properly removed action.

Respectfully submitted,

*//s// Lindsay L. Lambert*

| | |
|---|---|
| Lindsay L. Lambert, | TBN: 11844225 |
| John P. Barnes, | TBN: 90001530 |

333 Clay, 29th Floor
Houston, Texas 77002
(713) 759-0818
(713) 759-6834 – Fax

ATTORNEYS FOR DEFENDANTS

**OF COUNSEL:**
HUGHES, WATTERS & ASKANASE, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834

CERTIFICATE OF SERVICE

I certify that I caused the foregoing instrument to be transmitted to all parties of record by hand delivery, on February 23rd, 2011, as follows:

Thomas N. Thurlow
The Lyric Center
440 Louisiana, Suite 1200
Houston, Texas 77002

/s/ Lindsay L. Lambert
Lindsay L. Lambert

1895220-1:CAAU:0048